UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re:* | Case No.:  3:26-cv-02752-BJC-AHG |
| SUBPOENA DUCES TECUM SERVED ON MAVEN CLINIC CO. | **TENTATIVE ORDER REGARDING MOTIONS TO QUASH** |
| SUBPOENA DUCES TECUM SERVED ON PROGYNY, INC. | **[ECF Nos.  1, 4]** |
| JODY CRUZ, MICHELLE ROBICHAUX, and BRETT PLOWFIELD, individually and on behalf of all others similarly situated, | *Underlying action pending in the Southern District of California:* |
| Plaintiffs, | *Case No. 3:24-cv-01789-BJC-AHG* |
| v. | |
| PROGENESIS, INC., | |
| Defendant. | |

Before the Court are Defendant Progenesis, Inc.'s Motions to Quash subpoenas issued by Plaintiffs to non-parties Maven Clinic Co. and Progyny, Inc. ECF Nos. 1, 4. The subpoenas were issued in connection with an action filed by Plaintiffs against Defendant in this court on October 27, 2024, titled *Cruz, et al. v. Progenesis, Inc.*, Case No. 24-cv-

1789-BJC-AHG (S.D. Cal.). Plaintiffs allege generally that Progenesis engaged in false, deceptive, and misleading advertising in the marketing and sale of PGT-A tests. *Cruz*, ECF No. 62 at ¶¶ 30, 75, 76, 207, 214, 231, 234, 355, 421, 426. PGT-A (Preimplantation Genetic Testing for Aneuploidy) tests are genetic screening tests sold as an optional add-on to the in vitro fertilization process that purport to screen embryos for chromosomal abnormalities before implantation. *Id*. at ¶¶ 1, 10, 16.

The recipients of the subpoenas, Maven Clinic and Progyny, are fertility benefits administrators that provide insurance coverage for fertility treatments, including PGT-A, through partnerships with labs such as Progenesis. The subpoenas generally seek eight categories of documents over a 10-year period from January 1, 2016, to the present:

1.    Contracts and agreements between Maven Clinic or Progyny and Progenesis;

2.    Financial and utilization records related to PGT-A;

3.    Coverage, benefit, and authorization Policies;

4.    Marketing, promotional, and educational materials;

5.    Communications between Maven Clinic or Progyny and Progenesis;

6.    Internal communications and policies regarding PGT-A;

7.    Complaints, adverse events, or disputed results; and

8.    Document retention policies

ECF No. 3-2 at 9–11; ECF No. 6-2 at 9–11. Neither Maven Clinic nor Progyny has objected to the subpoenas. Progenesis, however, filed its motions to quash in the U.S. District Court for the Southern District of New York because the subpoenas required compliance within that judicial district. Judge Arun Subramanian transferred the motions to this Court pursuant to Fed. R. Civ. P. 45(f) on April 22, 2026. ECF No. 35.

Progenesis argues that the subpoenas should be quashed because they seek production of Progenesis's confidential commercial information, they are overbroad as to time and scope, and they seek information that is not proportional to the underlying case. ECF Nos. 2, 5. Progenesis moves in the alternative for a protective order under Fed. R. Civ. P. 26(c) that would narrow the scope of the subpoenas. *Id*.

Plaintiffs argue that Progenesis lacks standing to quash the subpoenas because the subpoenas are directed at Maven Clinic and Progyny, not Progenesis. ECF Nos. 22, 23. Plaintiffs contend that Progenesis has not demonstrated that the subpoenas should be quashed or modified in order to protect Progenesis's confidential information. *Id.* Plaintiffs object to Progenesis's proposed alternative scope for the subpoenas because it would eliminate production of information that is relevant to their claims. *Id.*

Having reviewed the parties' briefs and arguments, the Court issues the following **TENTATIVE RULING** on the motions to quash:

1. Progenesis has standing to challenge the subpoenas to the extent that they seek its confidential business information. *California Sportfishing Protection Alliance v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014). The parties previously agreed to enter a stipulated protective order in the underlying matter, ECF No. 31. Although that protective order allows designation of materials produced in discovery as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," it does not address information produced by third parties in response to a subpoena. Paragraphs 26 and 27 of the protective order allow for modification by the parties or by the Court *sua sponte*. The Court finds that the protective order can be modified to address any concerns Progenesis has regarding production of its confidential information by Maven Clinic or Progyny.

2. Progenesis does not have standing to challenge the subpoenas on the grounds that they impose an undue burden on Maven Clinic or Progyny. *California Sportfishing Protection Alliance,* 299 F.R.D. at 643.

3. This Court has authority under Fed. R. Civ. P. 26(b)(2)(C), either on Progenesis's motion or *sua sponte*, to impose limits on discovery that is outside the scope of Rule 26(b)(1). The Court also has authority under Rule 26(c) to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, … ." FED. R. CIV.

3:26-cv-02752-BJC-AHG

P. 26(c); *Blotzer v. L-3 Commc'n Corp.*, 287 F.R.D. 507, 510 (D. Ariz. Apr. 11, 2012). Although the Court does not adopt Progenesis's proposal regarding the scope of the subpoena, it appears that the scope of the subpoena may be overbroad as to time and the request for "all" documents in each category of information sought in the subpoenas. The parties must meet and confer in good faith over the scope of the subpoena before the Court can determine whether it should issue an additional protective order limiting the scope of the subpoena.

The Court **ORDERS** as follows:

1.    The parties must meet and confer on or before **June 15, 2026**, regarding:

    a.    modification of the existing protective order to address third party productions; and

    b.    whether the scope of the subpoena can be narrowed to ensure that the information requested is proportional to the needs of the case.

2.    The parties must file a Joint Report by **June 16, 2026**, advising whether they want to submit further briefing in response to the Court's tentative order, and outlining any remaining disputes regarding the scope of the subpoenas.

3.    The Court will review the parties' Joint Report and, if necessary, set deadlines and guidance for supplemental briefing on the motions to quash.

**IT IS SO ORDERED.**

Dated:  June 7, 2026

_____
Honorable Allison H. Goddard
United States Magistrate Judge